## Vázquez et al., Demandantes y Apelantes, v. Rocco y Annuzzi et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, sobre nulidad de hipoteca y devolución de bienes.

No. 1921.—Resuelto en julio 22, 1919.

Procedimiento Ejecutivo Hipotecario—Costas no Garantizadas Hipotecaria-mente—Bienes de Menores—Autorización Judicial.—Es nula la resolución dictada en un procedimiento ejecutivo hipotecario ordenando que los demandados sean requeridos para pagar cierta cantidad en concepto de costas, y nula también la sentencia ordenando la subasta de bienes de los ejecutados, así como la adjudicación de los mismos para pago de tales costas, cuando en la hipoteca no han sido las costas garantidas hipotecaria-mente; y con mayor razón cuando habiendo sido la hipoteca autorizada judicialmente por tratarse de bienes de menores, sólo se autorizó en la orden judicial la hipoteca por cierta cantidad con sus intereses.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan B. Soto.*

Abogado de los apelados: *Sr. Francisco Soto Gras.*

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

Autorizada judicialmente doña Luisa López Laborde como madre con patria potestad sobre sus siete hijos menores de edad nombrados Jaime José, Luz, Estela Catalina, Marina Petra Luz, Leopoldo José Eulogio, Luisa Ana María y Arturo López, habidos en su matrimonio con su fallecido esposo don Arturo Vázquez Prada, para que constituyera hipoteca que no excediera de $1,000 y por sus intereses, sobre la mitad proindivisa que a sus hijos correspondía en la casa No. 52 de la calle del Sol de esta ciudad, otorgó a favor de don José Antonio Rocco Cesarino escritura de hipoteca sobre dicha mitad para responder del pago de la cantidad de $1,000 y por $360 más para garantizar los intereses de dicha deuda. El acreedor cedió ese crédito a don Vicente Rocco Annuzzi, y posteriormente dejó de pertenecer a dichos menores una tercera parte de la mitad proindivisa que

tenían en la finca, quedando así dueños únicamente de dos terceras partes de dicha mitad.

El 19 de noviembre de 1913 el cesionario Vicente Rocco Annuzzi y su esposa Rosa María Cesarino Brandy demandaron por el procedimiento ejecutivo de la Ley Hipotecaria a los expresados menores, asistidos de su madre, para el pago de las dos terceras partes de la deuda, o sea por $666.67, sus intereses al 12 por ciento convenido desde el 15 de agosto de 1913 hasta el definitivo pago, y el de las costas, gastos y honorarios de abogado, señalando para estas últimas responsabilidades la suma de $360. El juez ordenó que el márshal requiriese a los demandados para que en término de 30 días verificasen el pago de los $666.67 de principal y de los $300. que se señalan para costas, gastos y honorarios del letrado del demandante, apercibidos de procederse a la subasta del bien hipotecado si así no lo hicieren. Requeridos para el pago de esas cantidades los hijos de doña Luisa López Laborde, asistidos por ésta, menos el hijo Arturo Leopoldo Vázquez Prada Laborde, por hallarse ausente en los Estados Unidos, terminó el procedimiento por adjudicación en subasta de las expresadas dos terceras partes de la mitad de la finca que se hizo a los ejecutantes el día 28 de enero de 1914 por el importe reclamado de $666.67 de principal y $300 para costas, gastos y honorarios de abogado.

Después de esos hechos Arturo Leopoldo Vázquez Prada Laborde y su madre doña Luisa López Laborde, en representación de sus otros hijos, presentaron demanda contra Vicente Rocco, su esposa Rosa María Cesarino, y Antonio José Rocco Cesarino en la que solicitaron se declarase nula la escritura de hipoteca, la de su cesión, el procedimiento ejecutivo seguido para el cobro de la hipoteca, la adjudicación que en él se hizo, y que se condenase a los demandados a indemnizarles $2,000 por daños y perjuicios. En el acto del juicio y por haber muerto Vicente Rocco Annuzzi, estipula-

ron las partes, con permiso de la corte, eliminar el nombre de este demandado sustituyéndolo con los demás demandados, o sea, su viuda Rosa María Cesarino Brandy y Antonio Rocco Cesarino.

La demanda fué declarada sin lugar en todas sus partes y uno de los motivos que los apelantes alegan para pedir la revocación de la sentencia apelada es que la corte inferior cometió error al no declarar nulo el juicio ejecutivo hipotecario por haberse condenado a los entonces demandados a pagar, además de la deuda hipotecaria, cierta cantidad por costas y honorarios de abogado a pesar de que la resolución que autorizó a la madre para hipotecar el condominio de sus hijos no la facultó para pagar costas y honorarios de abogado.

La autorización judicial, en efecto, sólo facultó a la madre para constituir hipoteca que no excediera de mil dólares y por sus intereses y, de acuerdo con ella, la madre constituyó hipoteca en nombre de sus hijos por la cantidad de mil dólares y por $360 para garantizar sus intereses, sin garantizar hipotecariamente las costas y honorarios de abogado. A pesar de esto, a petición de los ejecutantes, la corte ordenó que se requiriese a los demandados para que pagasen la deuda que se les reclamaba y además $300 por las costas, gastos y honorarios del letrado de los ejecutantes y no habiéndose verificado el pago mandó sacar a subasta el condominio de los ejecutados para satisfacer esas reclamaciones.

En el juicio ejecutivo hipotecario, por ser especial y sumario, sólo pueden cobrarse las cantidades que se han convenido en el contrato de obligación hipotecaria por lo que el artículo 170, párrafo 1º., del Reglamento para la ejecución de la Ley Hipotecaria dispone que el requerimiento de pago se mandará hacer por la suma reclamada con las costas, sí también estuvieren hipotecariamente garantidas; y como en este caso las costas y los honorarios de abogado no estaban

hipotecariamente garantidos en el contrato, fundamento del procedimiento, cometió la corte inferior error al ordenar que los demandados fuesen requeridos para pagar $300 por los conceptos indicados, por lo que dicha orden es nula así como la sentencia ordenando la subasta para pagar esa cantidad a más de la deuda principal y también la adjudicación que se hizo para satisfacer esa cantidad como adicional de la deuda.

Resuelto este motivo de error en la forma que lo ha sido no es necesario que consideremos los otros dos errores que se alegan por los apelantes y que se refieren a defectos en la diligencia de requerimiento de pago en cuanto a Arturo Leopoldo Vázquez Prada Laborde, porque la diligencia de requerimiento de pago ha de quedar anulada como consecuencia de lo que antes hemos consignado.

Los apelantes reclaman en su demanda la cantidad de $2,000 por los perjuicios que le han causado los demandados con el procedimiento ilegal del juicio ejecutivo hipotecario, cuestión que no consideró el juez inferior porque estimó que no existía nulidad alguna en dicho procedimiento, pero en vista de la conclusión opuesta a que nosotros llegamos debe resolverse esa cuestión; más como la atención de las partes estuvo fija en las nulidades alegadas y como no sabemos si el juez inferior dió crédito a la única declaración que sobre ese extremo se presentó, preferimos que sea resuelta por la corte inferior y respecto de tal cuestión deberá celebrarse un nuevo juicio.

La sentencia apelada debe ser revocada y declarar la nulidad del juicio ejecutivo hipotecario seguido en la Corte de Distrito de San Juan, Sección Segunda, con el No. 112, por Vicente Rocco Annuzzi y su esposa Rosa María Cesarino Brandy contra Jaime José Vázquez Prada López y sus hermanos, asistidos de su madre doña Luisa López Laborde, desde la orden de requerimiento de pago en adelante, así como la adjudicación que en él se hizo y ordenarse un nuevo

juicio en cuanto a la reclamación de daños y perjuicios, sin especial condena de costas.

> *Revocada la sentencia apelada; declarada la nulidad del juicio ejecutivo seguido por Vicente Rocco y su esposa contra Jaime José Vázquez Prada y sus hermanos desde la orden de requerimiento de pago, etc., y ordenado un nuevo juicio sobre la reclamación de daños y perjuicios. Todo sin costas.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, del Toro y Hutchison.